UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>Plaintiff,<br><br>v.<br><br>The Boelter Companies, Inc., Boelter Brands, LLC, Boelter Beverage,<br><br>Defendants. | Case No. 1:16-cv-00456-RP<br><br>Jury Trial Demanded |

## CONSENT JUDGMENT

Plaintiff YETI Coolers, LLC ("YETI") filed civil action number 1:16-cv-00456-RP on April 8, 2016, against Defendants The Boelter Companies, Inc., Boelter Brands, LLC, and Boelter Beverage (collectively "Boelter"), asserting claims for (1) trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) trade dress dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (4) trade dress dilution under Tex. Bus. & Com. Code § 16.103; (5) common law trade dress infringement; (6) common law unfair competition; (7) common law misappropriation; and (8) unjust enrichment. YETI duly served its Complaint on Boelter on April 12, 2016. Boelter denies the allegations in the civil action YETI filed and does not admit that the Accused Products infringe YETI's rights. Boelter now stipulates and consents to the Court's entry of this Consent Judgment.

NOW THEREFORE, upon consent of the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

2. This Court has personal jurisdiction over Boelter and venue is proper in this judicial district at least because, *inter alia*, Boelter is doing business in the State of Texas, including in this District.

3. YETI owns all right, title, and interest in and to the trade dress of the YETI 20 oz. and 30 oz. Rambler™ tumblers, including the overall look and appearance of the YETI 20 oz. and 30 oz. Rambler™ tumblers and all common law trademark and trade dress rights in the YETI 20 oz. and 30 oz. Rambler™ tumblers. The YETI 20 oz. tumbler trade dress and the YETI 30 oz. tumbler trade dress are hereafter collectively referred to as "YETI Trade Dress."

4. Boelter agrees that the YETI Trade Dress is unique and any goodwill associated with the YETI Trade Dress belongs exclusively to YETI.

5. Boelter agrees that the YETI Trade Dress is valid and enforceable.

6. Boelter agrees that the YETI Trade Dress is not essential to the use or purpose of a tumbler, does not beneficially affect the cost or quality of a tumbler, and is not functional.

7. Boelter agrees that many competitors compete with YETI and Boelter and that these competitors sell tumblers having alternative designs that do not include elements of the YETI Trade Dress and have a different overall appearance compared to the YETI Trade Dress.

8. Boelter agrees that exclusive use of the YETI Trade Dress by YETI will not put competitors at a significant non-reputation-related disadvantage in the marketplace.

9. Boelter previously sold 20 oz. and 30 oz. tumblers that YETI accused of infringement ("the Accused Products"). Out of respect for YETI's product designs and rights in the YETI Trade Dress, Boelter has agreed to re-design the Accused Products.

10. Boelter shall have until December 31, 2016, to import and sell the the Accused Products it currently has in inventory or on order, collectively "the Inventory Products."

11. Except for the limited importation and sales of the Inventory Products, Boelter shall not at any time now or in the future engage in manufacturing, marketing, offering to sell, selling, using, importing, purchasing, promoting and/or distributing – whether directly or indirectly – any of the Accused Products.

12. Except as provided herein, each party shall bear its own costs and attorney fees.

13. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Consent Judgment.

14. This Consent Judgment represents a final adjudication of all claims, counterclaims, and defenses that were, or could have been, brought between YETI and Boelter in this case. This Consent Judgment is intended to be final and shall bind YETI and Boelter on all issues that were or could have been litigated in this proceeding and that no appeal shall be taken here from.

Dated: 9/13, 2016

SO ~~ORDERED~~:

_____
United States District Judge

Consented and Agreed to:

_____
Signed for YETI Coolers, LLC

Name: Bryan Barksdale
Title: General Counsel
Date: 8/31/2016

_____
Signed for The Boelter Companies, Inc. / Boelter Brands, LLC / Boelter Beverage, LLC

Name: Serena Pollock
Title: General Counsel
Date: 08/31/16